# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3998 | **DATE** | 6/12/2012 |
| **CASE TITLE** | Yocheved vs. Wisconsin, et al. | | |

**DOCKET ENTRY TEXT**

For the following reasons, Plaintiff's application for leave to proceed *in forma pauperis* [DKT 3] and for the appointment of counsel [DKT 4] are denied, and her case is dismissed.

■[ For further details see text below.]

Notices mailed by Judicial staff.
Mailed AO 450 form.

## STATEMENT

    Plaintiff Princess Atty. Dr. Sasha Yocheved has filed suit against the State of Wisconsin, Milwaukee County, the Milwaukee Criminal Investigation Bureau, the Milwaukee Child Protection Agency (presumably, the Bureau of Milwaukee Child Welfare), "the Christian Faith Fellowship-Good Hope Road Location" (along with Fellowship leaders Daryl Hines and Pamela Hines) and "Black Wiccan Significant Leaders" – Flossie Simmons, Tiffany Hassley, Nancy Simmons, Karen Watson, Richard Yancey, Darnell Simmons, and Michael Simmons. Plaintiff claims of violations of 42 U.S.C. §1983, the Indian Child Welfare Act (25 U.S.C. §§ 1901, *et seq*.), the 1968 Indian Civil Rights Act (25 U.S.C. §§ 1301-03), the American Indian Religious Freedom Act of 1978 (42 U.S.C. § 1996), the Americans with Disabilities Act (42 U.S.C. §§ 12101 *et seq*.), and "federal code 2950." She seeks leave to proceed *in forma pauperis*, and to have counsel appointed to her.

    To permit Yocheved to proceed *in forma pauperis*, the Court must find two things: (1) that she cannot pay the cost of the case; and (2) the case is not frivolous or brought in bad faith. 28 U.S.C. § 1915(a), (e). A district court shall dismiss the case if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Id*. § 1915(e)(2)(B). The Court liberally construes *pro se* filings, including applications to proceed *in forma pauperis*. *See Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177, 1183 (7th Cir. 1989).

    Yocheved has adequately established through her affidavit she cannot bear the cost of litigation – her only reported income is $710 per month from Social Security, and she reports paying $147 per month to support her daughter. She lists no other assets.

    Some of Yocheved's claims were cut off due to poor photocopying or are otherwise unintelligible. As best the Court can discern, Plaintiff alleges that the government defendants, in evident conspiracy with the Wiccan defendants, violated her rights from July, 2000, to the present by conspiring to commit what she terms a "premeditated racial, religious prank titled 'severe human spectacle abuse.'" Though it is not clear, she may be alleging that the Glendale, Wisconsin police, at the behest of a satanic church, plotted to break into her apartment and beat her and her daughter to death, believing them to be some sort of martyrs or

| STATEMENT |
|---|

because Plaintiff's visions posed a threat to them. Plaintiff also seems to claim that the Wisconsin State defendants sabotaged the finances of her ministry, and caused her daughter to be severely abused and gang raped (though she fails to explain how).

Plaintiff appears to have filed a lawsuit against at least some of these defendants in September, 2011, but there is insufficient information for this Court to determine the basis of that suit or its outcome. Plaintiff claims, however, that she was retaliated against for filing that suit, though precisely who retaliated against her and how appears to have been cut off from the copy of the complaint provided to the Court.

Finally, though it is not clear who she alleges is at fault, Plaintiff appears to claim that she was denied entry or re-entry to hostels in Puerto Rico and to "APU college," and was denied access to insulin that she had been prescribed. Thereafter, she seems to allege that she was denied re-entry into the United States following a trip to the Dominican Republic, where she had been raped and the U.S. Embassy had somehow mishandled the investigation (again, however, some of these allegations are illegible and/or cut off in the complaint copy provided to the Court). Plaintiff has attached to her complaint: a number of education certificates, what appear to be United Cherokee Nation membership applications, and copies of a "Princess Royalty Statement Certification" that she submitted to various federal agencies on January 3, 2011.

Plaintiff seeks compensatory and punitive damages for the abuse that she and her daughter have suffered, in the amount of $1 billion.

Plaintiff alleges that some terrible things have happened to her and her daughter. However, despite the number of statutes allegedly violated, the deluge of (largely unrelated) factual allegations, and this Court's best efforts to understand Plaintiff's claims, the Court cannot conclude that this complaint states a claim upon which relief can be granted. In addition to the missing or unclear factual basis for many of the claims, Plaintiff has failed to explain how several of statutes apply her claims.

For example, Plaintiff has not explained why she is protected by the Americans with Disabilities Act, or how that act was violated. The American Indian Religious Freedom Act does not create judicially enforceable individual rights. *See Lyng v. Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439, 455 (1988). The Indian Civil Right Act, by its terms, applies to tribal actions and authority, and Plaintiff has made no discernible allegations that fall within the statute. Nor has Plaintiff explained how any of the allegations regarding her daughter state violations of the Indian Child Welfare Act, which primarily deals with the custody and placement of Native American children (although she sues a child protective agency, Plaintiff does not explain what it is alleged to have done).

The closest Plaintiff comes to stating a cause of action is under § 1983, but the Court finds that her allegations are too diffuse to state a cause of action — it would be virtually impossible for any of the defendants to accurately discern what they are accused of. Furthermore, the State of Wisconsin is not a "person" subject to suit under §1983, and Plaintiff has not adequately alleged a §1983 claim against Milwaukee County. *See Lapides v. Bd. Of Regents,* 535 U.S. 613, 617-18 (2002); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). It is not clear which, if any, of the remaining defendants are alleged to have acted in concert with a state official such that they would become liable under § 1983. *Cf. Lewis v. Mills*, No. 11–2012, 2012 WL 1372110, at *8 (7th Cir. 2012). The Court therefore dismisses Plaintiff's suit.

Finally, the Court notes that Plaintiff's case does not appear to be properly brought in the Northern District of Illinois — Plaintiff seems to live in Alaska, and most if not all of the defendants seem to reside in Wisconsin, which is also where many of the claimed wrongs seem to have occurred.

Because the Court has dismissed the suit, it denies Plaintiff's application for the appointment of counsel. However, Plaintiff may find the information available on the Northern District of Illinois website helpful. *See* http://www.ilnd.uscourts.gov/home/ProSe.aspx.